**REDACTED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : **REDACTED** |
| Plaintiff | : |
| v. | : Criminal Action No. 07- *149* |
| NATHAN WEEKS, <br>    a/k/a "Q," <br>    a/k/a "Quan," <br> ANTOINE WEST, <br>    a/k/a "Ant," <br> ANDREUS SCARBOROUGH, and <br> DARNELL MORRIS, | : |
| Defendants. | : |



FILED

NOV - 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## INDICTMENT

The Federal Grand Jury for the District of Delaware charges that:

### COUNT I

On or about August 8, 2007, in the State and District of Delaware, ANTOINE WEST, ANDREUS SCARBOROUGH, and DARNELL MORRIS, defendants herein, did knowingly conspire with each other to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

### COUNT II

On or about August 8, 2007, in the State and District of Delaware, ANTOINE WEST, ANDREUS SCARBOROUGH, and DARNELL MORRIS, defendants herein, did knowingly possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title

21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT III

On or about August 8, 2007, in the State and District of Delaware, NATHAN WEEKS, defendant herein, did knowingly distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT IV

On or about August 8-9, 2007, in the State and District of Delaware, NATHAN WEEKS, defendant herein, did knowingly possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT V

In or about August 2007, in the State and District of Delaware, NATHAN WEEKS, defendant herein, did knowingly possess with the intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT VI

On or about August 9, 2007, in the State and District of Delaware, NATHAN WEEKS, defendant herein, having been convicted of a crime punishable by a term of imprisonment exceeding one year, to wit, a conviction on or about February 16, 2000, in the Superior Court in and for Wake County, North Carolina, did knowingly possess a firearm in and affecting interstate commerce, to wit, a Smith and Wesson model 669, 9 mm pistol, serial number TAE7014, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## NOTICE OF FORFEITURE

Upon conviction for the controlled substance offenses alleged in Counts III, IV, and V of this Indictment, NATHAN WEEKS, defendant herein, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of said violation, and any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, said violation. The forgoing shall include, but not be limited to the following:

(1)  One 2003 Nissan 350ZX, DE registration #78918;

(2)  One 2002 Lexus SC430, DE registration #90608;

(3)  One 2001 Chevrolet Tahoe, DE registration #89075;

(4)  One 2001 Chevrolet Impala, DE registration #848352; and

(5)  $10,070 in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with, a third party;

(3)  has been placed beyond the jurisdiction of the court;

(4)  has been substantially diminished in value; or

(5)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

3

Upon conviction of the firearms offenses alleged in Count VI of this Indictment, NATHAN WEEKS, defendant herein, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) any firearm and/or ammunition involved or used in the commission of said offenses.

A TRUE BILL:

COLM F. CONNOLLY
United States Attorney

By: _____
Keith M. Rosen
Assistant United States Attorney

Dated: November 6, 2007