Filed in Open Court
4/10/08 NFN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-149-4-SLR |
| DARNELL MORRIS, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Keith M. Rosen, Assistant United States Attorney, and the defendant, Darnell Morris, by and through his attorney, Kathleen M. Jennings, Esquire, the following agreement is hereby entered into by the respective parties:

1.   The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a one-count Felony Information.  Count I of the Information charges the defendant with knowingly conspiring to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and 846.  The maximum penalties for Count I are 20 years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special assessment.

2.   At or about the time of sentencing, the United States will move to dismiss the pending indictment as it pertains to the defendant.

Case 1:07-cr-00149-SLR     Document 97     Filed 04/10/2008     Page 2 of 8

3. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is for Count I: (1) two or more persons conspired, or agreed, to commit the crime of possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine; and (2) that the defendant knowingly and voluntarily joined the conspiracy.

4. The defendant knowingly and voluntarily admits that he is guilty of the offense set forth in the Information. The parties agree and stipulate that the quantity of cocaine attributable to the defendant for purposes of sentencing on Count I of the Information is approximately 1989 grams, which carries a base offense level under U.S.S.G. §2D1.1 of 26. As of the date of this Memorandum, the government is not aware of any facts that would warrant an upward departure under the Sentencing Guidelines. The defendant understands that (a) this does not preclude the Court from applying an upward departure if it finds that a departure is warranted; and (b) that the government is not precluded from seeking an upward departure if it becomes aware of facts warranting such an application.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18 United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines and the applicable statutory minimum penalties. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different

Case 1:07-cr-00149-SLR    Document 97    Filed 04/10/2008    Page 4 of 8

than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. The defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

7. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be

Case 1:07-cr-00149-SLR    Document 97    Filed 04/10/2008    Page 6 of 8

modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Kathleen M. Jennings, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

BY: _____
Keith M. Rosen
Assistant U.S. Attorney
Chief, Criminal Division

_____
Darnell Morris
Defendant

Dated: 4/10/08

AND NOW, this 10th day of _____April_____, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE

4

Case 1:07-cr-00149-SLR   Document 97   Filed 04/10/2008   Page 8 of 8